UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
BARRIE A.L.,

                    Plaintiff,        DECISION AND ORDER
                                        1:20-CV-10831-GRJ

   v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

     In June of 2018, Plaintiff Barrie A.L.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Ouimette, Goldstein & Andrews, LLP, Scott R. Goldstein, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

     This case was referred to the undersigned on May 2, 2022.  Presently pending are the parties' Motions for Judgment on the Pleadings under Rule

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

12 (c) of the Federal Rules of Civil Procedure. (Docket No. 23, 26). For the following reasons, Plaintiff's motion is due to be granted, the Commissioner's motion is due to be denied, and this case is remanded for further proceedings.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on June 18, 2018, alleging disability beginning April 1, 2017. (T at 140-41).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on October 3, 2019, before ALJ Jason Mastrangelo. (T at 33). Plaintiff appeared with an attorney and testified. (T at 38-54). The ALJ also received testimony from Edmond J. Calandra, a vocational expert. (T at 55-59).

### B. ALJ's Decision

On November 21, 2019, the ALJ issued a decision denying the application for benefits. (T at 7-26). The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2017 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2022 (the date last insured). (T at 12). The ALJ

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 18

concluded that Plaintiff's osteoarthritis of the hips; inflammatory arthritis; fibromyalgia; obesity; status-post lumbar fusion; and status-post cervical fusion were severe impairments as defined under the Act. (T at 12).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 15).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can sit for 6 hours and stand/walk for a total of 2 hours in an 8-hour workday; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; and she would be limited to fingering bilaterally. (T at 16).

The ALJ concluded that Plaintiff could perform her past relevant work as an audit clerk. (T at 21). As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 1, 2017 (the alleged onset date) and November 26, 2019 (the date of the ALJ's decision). (T at 21-22). On October 21, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on December 22, 2020. (Docket No. 1). On April 28, 2021, Plaintiff filed a memorandum of law in support of a motion for judgment on the pleadings, which this Court will consider as motion requesting that relief. (Docket No. 23). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on December 27, 2021. (Docket No. 26, 27).

## II.  APPLICABLE LAW

### A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

>   1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
>   2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
>   3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
>   4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
>   5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises three (3) main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, Plaintiff asserts that the ALJ did not afford appropriate consideration to her vision problems.  Third, she contends that the ALJ erred in discounting her credibility.  This Court will address each argument in turn.

#### A.  *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

7

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Suleman Bhana, Plaintiff's treating rheumatologist, completed portions of a work capacity evaluation in August of 2019.  At the time, Dr. Bhana had been treating Plaintiff quarterly since March of 2016. (T at 855).  Dr. Bhana described Plaintiff as suffering from chronic pain, including pain in her hands and toes, limitation in finger movement, along with muscle aches and stiffness. (T at 855-56).  Dr. Bhana stated that Plaintiff was not a malingerer and opined that her pain was severe enough to interfere with her attention and concentration 21-30% of the time. (T at 857-58).

The ALJ found Dr. Bhana's opinion unpersuasive, concluding that it appeared to be based on a temporary symptom flare-up and considering it inconsistent with treatment notes showing clinical improvement with

treatment, a wide range of daily activities, and mental status examinations showing intact concentration. (T at 20).

This Court concludes that the ALJ did not afford proper consideration to Dr. Bhana's opinion. The ALJ believed it was "unclear" how Dr. Bhana arrived at his assessment of impaired concentration. (T at 20). The ALJ surmised that the assessment may have been based on a "one-week flare of symptoms …." (T at 20). Notably, the ALJ's interpretation is at odds with Dr. Bhana's report, in which he states that Plaintiff's impairments lasted, or were expected to last, at least 12 months. (T at 856).

In any event, the ALJ should not have speculated on an issue central to Plaintiff's work capacity, particularly given that (a) he found that Plaintiff could perform her past relevant work as an audit clerk (which would require significant sustained concentration) and (b) the opinion under review was provided by a long-term treating physician. *See Plaza v. Comm'r of Soc. Sec.*, No. 19CV3853 (DF), 2020 WL 6135716, at *23 (S.D.N.Y. Oct. 16, 2020)(finding that ALJ erred when he "substituted his lay opinion for that of the treating physician without first re-contacting the treater for clarification of any perceived inconsistencies between the doctor's opinions and the underlying clinical record").

Moreover, the ALJ found, without supporting citation, that Dr. Bhana's opinion was inconsistent with the treatment record, which the ALJ characterized as showing "clinical improvement with proper treatment …." (T at 20). This Court would be obliged to defer to the ALJ's reading of the record if it was supported by substantial evidence. However, the ALJ provided no explanation or citation to justify his interpretation, which appears to be at odds with the record as a whole.

The treatment record contains extensive documentation of persistent pain and limitation that, while somewhat variable, appears to be generally consistent with impaired concentration (particularly when and if Plaintiff was subjected to the physical and mental demands of sustained work activity). (T at 256, 259-61, 277-78, 292-94, 341-42, 383, 388, 399, 403, 412, 423, 426, 707, 712, 720, 752, 769, 849). The ALJ's generic reference to "clinical improvement with proper treatment" does not adequately address the nature and extent of pain and limitation documented in the record. *See Lopez v. Sec'y of Dept. of Health and Human Services,* 728 F.2d 148, 150–51 (2d Cir.1984) ("We have remanded cases when it appears that the ALJ has failed to consider relevant and probative evidence which is available to him."); *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular

11

conclusion.")(citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

The ALJ also found Plaintiff's activities of daily living, including work as a seasonal tax preparer for several months in 2018 and 2019, inconsistent with Dr. Bhana's limitation on concentration. (T at 20, 37-40, 43, 158, 174). This activity, while certainly indicative of some ability to sustain concentration, was performed at levels below substantial gainful activity for limited periods of time, with significant absences.[3] The ALJ did not cite any other activities inconsistent with impaired concentration.

In sum, Plaintiff's activities of daily living do not provide a sufficient basis on which to sustain the ALJ's decision to find the treating rheumatologist's opinion unpersusaive. *See Cabrera v. Comm'r of Soc. Sec.*, No. 16-CIV-4311-ATJLC, 2017 WL 3686760, at *4 (S.D.N.Y. Aug. 25, 2017)("The ALJ had an obligation to better explain his decision to discount Dr. Tsinis' opinion based on Cabrera's alleged ability to perform daily activities, and to at least acknowledge the rigor of Cabrera's daily activities and the limitations she placed on those tasks.").

---

[3] Plaintiff testified that she was scheduled to work about 20 hours per week, but missed at least one day per week and/or would go home early due to pain. (T at 40).

For these reasons, the ALJ's consideration of Dr. Bhana's assessment must be revisited on remand.[4]

### B.     Vision Impairment

Plaintiff alleged disability based, in part, on vision problems, including loss of peripheral vision and episodic blurred vision. (T at 12, 364-65, 782-83, 791-92, 812, 819).  This included reference to a decrease in Plaintiff's reading vision and increased fatigue when reading. (T at 866).

The ALJ recognized the vision complaints, determined that Plaintiff did not have a severe vision impairment, but indicated that Plaintiff's allegations regarding vision issues were considered in formulating the residual functional capacity. (T at 13).  However, the ALJ's decision does not evidence due attention to Plaintiff's vision problems and in particular, the extent to which her episodes of blurred vision might impair her ability to perform the reading responsibilities inherent in her past relevant work as an audit clerk.  This issue must be re-examined more thoroughly on remand.

### C.     Credibility

---

[4] Plaintiff also challenges the ALJ's conclusion that an opinion provided by Dr. Samir Sodha, a treating orthopedic surgeon, was not persuasive. (T at 20).  Dr. Sodha assessed significant limitations in reaching, fingering, and handling. (T at 864-65).  The Court finds no error in this aspect of the ALJ's decision.  As explained by the ALJ, Dr. Sodha's assessment was not supported by the treatment record and is inconsistent with Plaintiff's own testimony and electrodiagnostic testing. (T at 20).

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929. However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184. This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

Here, Plaintiff testified as follows: She was 52 at the time of the administrative hearing, living with her husband and foster son. (T at 38). She performed part-time, seasonal work as a tax preparer, but missed at least one day of work per week and went home early due to pain. (T at 40). Back and neck surgeries have provided some pain relief and improved functioning. (T at 44-45).  Her back pain persists. (T at 45).  She has slight neck pain, which does not affect her working. (T at 45).  Low back pain makes prolonged sitting painful. (T at 45-46, 53).  Her husband attends to the household chores, with some help from Plaintiff and their son. (T at 50-51).  Her chronic pain causes depression. (T at 51).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements concerned in the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (T at 20).

This Court concludes that the ALJ's assessment of Plaintiff's credibility needs to be revisited on remand.  Plaintiff's testimony regarding persistent pain interfering with her ability to attend to work-related tasks is supported by the assessment of Dr. Bhana, her long-term treating rheumatologist.  The ALJ's failure to give proper consideration to that

16

assessment, as discussed above, undermines the decision to discount Plaintiff's credibility.

The ALJ also cites Plaintiff's activities of daily living and lists some of the activities Plaintiff performs (T at 20), without providing the context in which she undertakes those activities and/or explaining how the activities translate into the ability to perform the past relevant work as an audit clerk. For example, Plaintiff is sometimes able to help her foster son get ready for school and with his homework, although on some days her pain is so severe she cannot do anything. (T at 186-87). She folds laundry and prepares simple meals but does not perform much cleaning due to hand pain. (T at 50-51). Her husband and foster son perform most of the household chores. (T at 50-51). At one time, she performed weeding and loaded the dishwasher, but no longer does due to pain. (T at 666). Her husband becomes upset because she has poor concentration and memory. (T at 666). She does some shopping (only a few items), needs help putting on socks, and showers three times a week. (T at 50, 188-89, 668).

It is well-settled that a claimant "need not be an invalid to be found disabled" and should not be punished for exerting the effort to attend to basic necessities of life. See Balsamo v. Chater, 142 F.3d 75, 81-82 (2d Cir. 1998); see also Molina v. Colvin, 13-CV-4989, 2014 U.S. Dist. LEXIS

17

95998, 2014 WL 3445335, at *15 (S.D.N.Y. July 15, 2014) ("There is a big difference[] between an occasional walk or shopping trip and sitting/standing for an eight hour workday"); *Woodford v. Apfel*, 93 F. Supp.2d 521, 529 (S.D.N.Y. 2000) (explaining that a claimant's performance of basic self-care activities does not contradict assertions of disability). Accordingly, on remand the ALJ should readdress Plaintiff's credibility taking into account Dr. Bhana's assessment and how, if at all, Plaintiff's activities of daily living support or do not support her subjective complaints.

### D. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also*

*Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons stated above, this Court finds that a remand is necessary for a proper assessment of the treating rheumatologist's opinion, reconsideration of the impact of Plaintiff's vision problems on her ability to perform her past relevant work, and a reassessment of Plaintiff's credibility.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 23) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 26) is DENIED; and this case is REMANDED for further proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment consistent with this decision and then close the file.

Dated: August 15, 2022              *s/Gary R. Jones*
                                                 GARY R. JONES
                                                 United States Magistrate Judge